UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-cv-23231-GAYLES

**STEVE AUSTIN, JR.**,

    Petitioner,

**v.**

**RICKY DIXON**[1],

    Respondent.

_____/

## ORDER DISMISSING § 2254 PETITION AS TIME BARRED

This matter is before the Court upon a Petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by the *pro se* Petitioner, Steve Austin, Jr., a convicted state felon, challenging his conviction in case no. F14-22399 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. For its consideration of the Petition, the Court has received Petition [ECF No. 1], the State's Response [ECF No. 15] to the Court's order to show cause, along with a supporting appendix and state court transcripts [ECF Nos. 15, 16], and Petitioner's reply [ECF No. 17]. For the reasons discussed in this Order, and as argued by Respondent, the instant Petition is **DISMISSED** as untimely.

**I.     Relevant Procedural History**

After a jury trial, Petitioner was adjudicated guilty of burglary of an occupied structure and sentenced as a violent career criminal to a mandatory-minimum sentence of thirty years' imprisonment. [ECF No. 15-2 at 34-41]. On appeal, Petitioner's appointed counsel filed an

---

[1] Mark Inch is no longer the Secretary of the Department of Corrections. Ricky Dixon is now the proper respondent in this proceeding. Dixon should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

*Anders*[2] brief and motion to withdraw. [ECF No. 15-2 at 47-65]. Counsel referred the court to portions of the record and identified the four arguable grounds for reversal. [ECF No. 15-2 at 63]. The appellate court granted counsel's motion to withdraw. [ECF No. 15-2 at 85]. Petitioner's conviction and sentence were affirmed on direct appeal. [ECF No. 15-2 at 88]. The United States Supreme Court denied certiorari and, on November 28, 2016, denied Petitioner's motion for rehearing. [ECF No. 15-2 at 113-115].

While his direct appeal was pending, Petitioner filed a motion to correct sentencing error, which was denied by the state trial court on September 30, 2016. [ECF No. 15-2 at 117-124]. While that motion was pending, Petitioner filed a motion for post-conviction relief and a motion to mitigate sentence. [ECF No. 15-3 at 2-57]. The motion to mitigate sentence was denied by the state trial court on October 14, 2016, and the motion for post-conviction relief was denied on October 21, 2016. [ECF No. 15-3 at 50].

The denial of the motion to correct sentencing error was affirmed by Florida's Third District Court of Appeal, and a mandate was issued on March 20, 2017. [ECF No. 15-3 at 61-63]. Petitioner's attempt to obtain certiorari review in the United States Supreme Court ended when the Court denied his petition and motion for rehearing on January 8, 2018. [ECF NO. 15-3 at 65-67].[3] While the certiorari petition was pending, Petitioner filed a second motion for post-conviction relief in the state trial court. [ECF No. 15-3 at 71-73]. The Third District Court of Appeal affirmed

---

[2] *Anders v. California*, 386 U.S. 738 (1967). An *Anders* brief should be filed if counsel finds an appeal to be wholly frivolous after conscientious review. *Id*. at 744. The brief should "refer to anything in the record that might arguably support the appeal." *Id*. "Once the appellate court receives this [*Anders*] brief, it must then itself conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." *Penson v. Ohio*, 488 U.S. 75, 80 (1988).
[3] The State has not included the order denying rehearing however a review of the Supreme Court online docket confirms that rehearing was denied on January 8, 2018. *See* www.supremecourt.gov

the denial of the motion, with a mandate issuing on December 4, 2017. [EC No. 15-3 at 189]. While that motion was pending, Petitioner file a petition for writ of habeas corpus in the state appellate court.[4] [ECF No. 15-3 at 191-198]. That petition was denied, and rehearing was denied on August 15, 2017. [ECF No. 15-3 at 200-202]. A second such petition was denied as successive and rehearing was denied on November 28, 2017. [ECF No. 15-3 at 204-216].

On January 17, 2018, Petitioner filed a third motion for post-conviction relief in the trial court. [ECF No. 15-3 at 218-234]. The motion was denied as successive and meritless. [ECF NO. 15-3 at 235]. The Third District Court of Appeal affirmed the order denying the motion, with mandate issuing on July 12, 2018. [ECF No. 15-4 at 4-6]. While that motion was pending, Petitioner's third petition in the appellate court was filed and denied. [ECF No. 15-4 at 8-21]. A fourth petition for writ of habeas corpus was filed in the appellate court on February 28, 2018 and remained pending until July 2, 2018 when the motion for rehearing was denied. [ECF No. 15-4 at 23-62]. Petitioner was unsuccessful in his attempt to file a petition for certiorari review in the United States Supreme Court. [ECF No. 17-1 at 24-29].

Petitioner also filed a motion to correct illegal sentence on March 9, 2018. [ECF No. 15-4 at 64]. The state trial court's order denying the motion, *id*. at 66, was affirmed on appeal, and Petitioner's motion for rehearing was denied on June 29, 2018, *id*. at 68-72.

On May 3, 2018, Petitioner filed a fourth motion for post-conviction relief, which the state trial court denied as successive on June 22, 2018. [ECF No. 15-4 at 74-94]. The denial was affirmed by the appellate court, and a mandate issued on December 7, 2018. [ECF No. 15-4 at 98-100].

---

[4] While the second motion for post-conviction relief was pending, Petitioner also filed a petition for writ of habeas corpus in this court which was voluntarily dismissed because Petitioner had failed to exhaust his state court remedies. [ECF No. 15-5 at 1-58].

Ultimately, on July 25, 2018, the state trial court issued an order barring Petitioner from further pro se filings. [ECF No. 15-4 at 102]. The appellate court affirmed that order and issued its mandate on February 8, 2019. [ECF No. 15-4 at 115-117].

The instant petition was filed on July 30, 2020.

## II. Discussion - Timeliness

### A. Statutory Tolling

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of *habeas corpus* filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition was filed more than a year after Petitioner's conviction became final, and no other AEDPA limitations period criterion applies. The limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

Consequently, this Petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to tick. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

Petitioner's conviction became final on **November 28, 2016** when the United States Supreme Court denied the motion for rehearing after denying the petition for writ of *certiorari*. Petitioner had one year from then to file a federal habeas petition pursuant to AEDPA. Therefore, this Petition had to be filed no later than **November 28, 2017**, absent any tolling motions.

As recounted above, Petitioner filed multiple tolling motions in the state courts. The last of these motions was finally adjudicated on **December 7, 2018** when the state appellate court issued its mandate after affirming the denial of Petitioner's fourth motion for post-conviction relief. The instant petition was filed on **July 30, 2020,** 591 days after the tolling period had ended. Since the instant Petition was not timely filed it should be dismissed as time barred pursuant to § 2244(d)(1)(A).

      **B.**      **Equitable Tolling**

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In that regard, the Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1)

5

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also, Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.").

In his reply to the State's response, Petitioner argues that even if he did not properly file a petition for writ of certiorari after the denial of his fourth motion for post-conviction relief, his attempts to do so should warrant equitable tolling. [ECF No. 17 at 3.] Petitioner's reliance on his attempt to seek certiorari review to extend the limitations period is unavailing because, even if properly filed, a petition for certiorari review of the denial of a motion for post-conviction relief would not have tolled the limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) ("[T]he filing of a petition for certiorari before [the Supreme Court] does not toll the limitations period under §2244(d)(2)."). If the proper filing of such a petition does not toll the limitations period, then the failure to successfully file certainly does not toll the limitations period nor provide grounds for equitable tolling.

Petitioner has also submitted medical records in an attempt to establish he is entitled to equitable tolling. [ECF No. 33]. Petitioner suggests he suffers from an incurable brain damage, "toxic hepatic encephalopathy," "primary bilateral cholangitis," and "autoimmune hepatitis," which prevented him from timely filing this federal habeas petition. [ECF No. 17-1 at p. 20]. However, Petitioner has not "establish[ed] a causal connection between" these alleged physical and mental conditions and "his ability to file a timely petition." *Lawrence v. Fla.*, 421 F.3d 1221, 1227 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007); *see also Spears v. Warden*, 605 F. App'x 900,

6

905 (11th Cir. 2015) ("[T]he record indicates that [petitioner] has some history of mental-health issues and medication, but, as in *Lawrence*, [petitioner] has not explained how his mental-health issues or medication, apart from the drug-induced prison transfers, affected his ability to file a timely petition.").

Indeed, Petitioner has not even claimed that these conditions occurred before or within the period he was required to file the instant petition, much less that they worsened or rendered him incapable of filing his petition timely. Petitioner only states that he is suffering from these worsening conditions. [ECF No. 17-1 at 20]. Asserting these medical and/or mental problems, without more, is insufficient to establish equitable tolling. *See Lawrence*, 421 F.3d at 1227. Accordingly, the Court does not find that Petitioner has established entitlement to equitable tolling of the limitations period.

### C. Actual Innocence

It is well-settled that actual innocence may also serve to overcome the procedural bar caused by an untimely filing. The United States Supreme Court has determined that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006), or expiration of the AEDPA statute of limitations, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013). To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. at 327). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner has not demonstrated that he is actually innocent of the conviction. Petitioner has not alleged or otherwise presented new evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Milton v. Sec'y, Dep't of Corr.,* 347 F. App'x 528, 531-32 (11th Cir. 2009) (per curiam). Consequently, no fundamental miscarriage of justice will result by time barring the claims raised in this habeas proceeding. And since Petitioner has not demonstrated actual, factual innocence, his untimely claims warrant no habeas corpus relief. *See e.g., Scott v. Duffy,* 372 F. App'x 61, 63-64 (11th Cir. 2010) (per curiam) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence of aggravated assault underlying his probation revocation and instead merely cited to evidence from probation revocation hearing and argued it did not support revocation of probation); *Bousley v. United States,* 523 U.S. 614, 623 (1998). Accordingly, no fundamental miscarriage of justice will result from dismissal of this federal proceeding as time barred.

### III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA") to do so. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on this record, the Court finds that Petitioner is not entitled to a COA.

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Petition for habeas corpus relief is **DISMISSED** with prejudice as time barred;

2. No certificate of appealability shall issue;

3. **FINAL JUDGMENT** is entered in favor of Respondent; and

4. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:
Steve Austin, Jr.
959695
RMC - West
8183 SW 152nd Loop
P.O. BOX 628
Lake Butler, FL 32054-0628
PRO SE

David Llanes
Office of the Attorney General
Criminal Appeals Division
One SE Third Avenue, Suite 900
Miami, FL 33131
Email: david.llanes@myfloridalegal.com